Christopher Hutchins v. Commissioner.
Hutchins v. Commissioner
Docket No. 21584.
United States Tax Court
1950 Tax Ct. Memo LEXIS 310; 9 T.C.M. (CCH) 11; T.C.M. (RIA) 50004; January 10, 1950
Christopher Hutchins, pro se. Thomas V. LeFevre, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner has determined a deficiency in income tax for the year 1947 in the amount of $400. The petitioner does not contest disallowance of credits for two dependents, nieces of the petitioner, which he took in his income tax return for 1947. However, the petitioner contends *311 that the Commissioner erred in disallowing credits for two other alleged dependents, his mother and father. The only question to be decided is whether the petitioner is entitled to credits for two dependents under section 25 (b) (2) of the Internal Revenue Code, as amended by section 102 (a) of the Revenue Act of 1945 and section 10 (b) of the Individual Income Tax Act of 1944. Petitioner filed his return for the year 1947 with the collector for the tenth district of Ohio. Findings of Fact The petitioner lived in Dubuque, Iowa, during 1947, where he was employed as a terrazzo and tile helper by the Art Mosaic and Tile Company in connection with the construction of the Mercy Hospital in Dubuque. He earned approximately $3,900 during the year. The petitioner is of the Negro race. Owens Hutchins and Rebecca Hutchins are the father and mother of the petitioner. In 1947, they were both about 67 years old, and they lived out at the edge of the town of Muskogee, Oklahoma. During 1947, Owens Hutchins had a truck with which he hauled garbage from restaurants for no consideration, but he was allowed to use the garbage to feed hogs which he kept where he lived. *312 He did not sell the hogs, but slaughtered them himself for food. He did not earn any income in 1947 and did not have any income from bank deposits or securities. Rebecca Hutchins was not employed, and she did not have any income in 1947. Owens Hutchins did not own the property where he and his wife lived in 1947. Owens Hutchins and Rebecca Hutchins had other children in addition to the petitioner, Christopher. None of the children lived with their parents. Only one child, Lester, made any contribution to the support of the parents in 1947, in addition to the contributions made in 1947 by the petitioner. Lester Hutchins did not contribute more than $100 to the support of both parents. He has abandoned claim for being the chief support of the parents, and all claim for a credit or credits for dependents in his income tax return for 1947. The gross income, in 1947, of Owens Hutchins, the father of the petitioner, was less than $500. He was not employed by any employer during 1947. Rebecca Hutchins, the mother of petitioner, did not file a joint return with her spouse for 1947. Over one-half of the support of Rebecca Hutchins in 1947 was received from the petitioner. Over one-half *313 of the support of Owens Hutchins in 1947 was received from the petitioer. Both Owens and Rebecca Hutchins were dependents of the petitioner in 1947. Opinion The question arises under section 25 (b) (2) (C) of the Internal Revenue Code, as amended by section 102 (a) of the Revenue Act of 1945 and section 10 (b) of the Individual. Income Tax Act of 1944. If the statutory conditions for receiving credits for dependents are met by the taxpayer, he was, in 1947, entitled to a credit of $500 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins was less than $500. The petitioner in this proceeding is claiming two credits of $500 each for his mother and father, as dependents. The question presented is a question of fact. Upon all of the evidence, we are satisfied that the petitioner has proved that his father and mother were his dependents during 1947 under the pertinent provisions of the Internal Revenue Code; and, in particular, that neither parent had income from any source in 1947, in excess of $500; and that each one of the parents received over half of his and her support in 1947 from the petitioner. *314 It is held that the petitioner is entitled to two credits for dependents in 1947. Decision will be entered under Rule 50.